**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 05-4025**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WARREN LEWIS ALEXANDER,

Defendant - Appellant.

———————————

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. William L. Osteen, District Judge. (CR-97-173)

———————————

Submitted: September 13, 2006      Decided: October 12, 2006

———————————

Before NIEMEYER, MICHAEL, and SHEDD, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Charles H. Harp, II, HEDRICK, HARP & MICHAEL, Lexington, North Carolina, for Appellant. Kearns Davis, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Following a hearing at which Warren Lewis Alexander admitted to violating conditions of his supervised release, the district court revoked Alexander's release and imposed a thirty-six-month sentence. Alexander appeals. His attorney has filed a brief in accordance with Anders v. California, 367 U.S. 738 (1967), stating that there are no meritorious grounds for appeal. Alexander was advised of his right to file a pro se supplemental brief, but did not file such a brief. We affirm.

As required by Anders, we have carefully reviewed the entire record in this case and have found no errors. We note that, while the sentence was substantially above the advisory guideline range of six to twelve months, see U.S. Sentencing Guidelines Manual § 7B1.4(a) (1997), it was within the applicable statutory maximum of sixty months. See 21 U.S.C. § 841(b)(1)(A) (2000). Further, while the district court explicitly recognized the advisory guideline range, the court determined that a much longer sentence was in order because of Alexander's history of repeatedly violating the terms of supervision and the need to set an example in an attempt to deter other supervisees from violating release terms. These are permissible considerations when imposing a supervised release revocation sentence. See 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006); 18 U.S.C. § 3583(e) (2000). Moreover, Alexander does not contend that the court failed to consider any

pertinent § 3553(a) factors.  We conclude that the sentence imposed upon revocation of supervised release was not plainly unreasonable. See <u>United States v. Crudup</u>, 461 F.3d 433, 438-40 (4th Cir. 2006).

In accordance with <u>Anders</u>, we have reviewed the entire record for any meritorious issues and have found none. Accordingly, we affirm.  This court requires counsel to inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation.  Counsel's motion must state that a copy of the motion was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately set forth in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>